UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

GALINA MHA,

*individually and on behalf of a class*,

Plaintiff,

-v-                                                                                          19 cv 13493

R1 RCM INC., d/b/a
MEDICAL FINANCIAL SOLUTIONS

Defendant.

## COMPLAINT – CLASS ACTION

There are no companion cases.

### Introduction

1. Plaintiff Galina Mha seeks redress for acts prohibited by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), committed by Defendant R1 RCM Inc., d/b/a Medical Financial Solutions ("MFS").

2. The FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to

1

invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union*, LLC, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## Jurisdiction and Venue

7. This court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331 and 1337.

8. The events described in this complaint occurred in this District.

## Parties

9. Plaintiff Galina Mha resided in Warren, Michigan at all relevant times.

10. Defendant MFS is a Delaware corporation with its principal place of business at 401 N. Michigan, Suite 2700, Chicago, IL 60611. It does business in Michigan. Its resident agent and office are the Corporation Company, 40600 Ann Arbor Rd. E., Ste. 201, Plymouth, MI 48170.

11. Defendant MFS is a collection agency, using the mails and telephone system to collect consumer debts for its clients. Most or all of the debts it collects are

health care debts. All such debts, including plaintiff's alleged debt, are for personal, family or household purposes and not for business purposes.

12. MFS is a debt collector as defined in the FDCPA.

## Facts

13. Defendant has been attempting to collect, on behalf of Ascension Michigan, formerly St. John Providence Health System and the St. John Health System, from Plaintiff, an alleged debt.

14. Plaintiff believes that the debt is about 2 years old and long in default at the time of the events complained of.

15. On October 2, 2019, and on multiple other occasions during October and November 2019, MFS left voicemail messages for Plaintiff as follows:

    "Hello. This is a time sensitive message from R 1 RCM Incorporated doing business as Medical Financial Solutions, an extended business office of St. John Providence. Please call us back at your earliest convenience toll free at 877-295-8833. Between the hours of 8:00am to 9:00pm EST Monday through Thursday. Or 8:00am to 4:30pm on Friday or 10:00am to 2:00pm on Saturday. Once again that number is 877-295-8833. Thank you."

16. The messages did not state that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, or that the communication is from a debt collector.

17. MFS did not send a "notice of debt" as described in 15 U.S.C. §1692g.

18. Based on the identical content of the voicemails, the message left was a recorded or scripted message.

19. MFS thereby violated 15 U.S.C. §§1692g, 1692e, and 1692e(11).

## COUNT ONE – FDCPA – CLASS CLAIM

20. Plaintiff incorporates paragraphs 1-19.

21. Defendant violated the FDCPA by failing to provide:

    a. The warnings required by 15 U.S.C. §1692e(11);

    b. The "notice of debt" described in 15 U.S.C. §1692g.

22. As a result, Plaintiff was deprived of material information about her rights, required to be provided by law.

### Class Allegations

23. Plaintiff brings this claim on behalf of two classes, under Fed.R.Civ.P. 23(a) and (b)(3).

24. The first class includes (a) all individuals (b) with Michigan addresses (c) for whom defendant left a message, (d) that did not state that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, or that the communication is from a debt collector, (e) at any time between a date 365 days prior to the filing of this action and a date 21 days after the filing of this action.

25. The second class includes (a) all individuals (b) with Michigan addresses (c) for whom defendant left a message, (d) but did not send a notice of debt (e) at any time between a date 370 days prior to the filing of this action and a date 21

4

days after the filing of this action.

26. The members of each class are so numerous that joinder of all is not practicable. On information and belief, there are at least 40 individuals in each defined class.

27. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common questions are:

   a. Whether the voicemail messages comply with 15 U.S.C. §1692e(11).

   b. Whether Defendant complies with 15 U.S.C. §1692g.

28. Plaintiff's claim is typical of the claims of the class members, as it is based on the same facts and legal theories.

29. Plaintiff will fairly and adequately represent the class members, and has retained counsel experienced in class actions and FDCPA litigation.

30. A class action is superior for the fair and efficient adjudication of this matter, because (A) individual actions are not economically feasible, (B) members of the class are likely to be unaware of their rights, and (C) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

Demand For Judgment

ACCORDINGLY, Plaintiff respectfully requests that the Court:

a. Assume jurisdiction over all claims,

b. Award statutory damages,

c. Award statutory costs and attorney fees, and

d. Provide all other proper relief.

Respectfully submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: s/ Adam G. Taub
     Adam G. Taub (P48703)
     17200 West 10 Mile Rd. Suite 200
     Southfield, MI 48075
     (248) 746-3790
     adamgtaub@clgplc.net

     s/ Daniel A. Edelman
     Daniel A. Edelman
     Cathleen M. Combs
     EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
     20 S. Clark Street, Suite 1500
     Chicago, Illinois 60603
     (312) 739-4200
     Email: courtecl@edcombs.com

Dated: November 25, 2019

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                          /s/ Daniel A. Edelman
                                          Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)